UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                          Case No. 10-80287-DHW
                                               Chapter 7

ABNEY GRADING & PAVING, INC.,

         Debtor.

FRONTIER BUILDING SYSTEMS, INC.,

         Plaintiff,

v.                                             Adv. Proc. No. 11-8011-DHW

CECIL TIPTON, Chapter 7 Trustee, and
JOHNSON LANDSCAPES, INC.,

         Defendants.

ORDER DISMISSING ADVERSARY PROCEEDING

Defendant Johnson Landscapes, Inc. filed a motion to dismiss or in the alternative to abstain from hearing this adversary proceeding. The motion came on for hearing on July 25, 2011.

Frontier Building Systems, Inc. commenced this adversary proceeding by filing a complaint for interpleader and depositing $260,225.37 in the registry of this court. Frontier states that the defendants have competing claims to the money, and Frontier seeks a release of its obligations to both defendants.

The claims of both defendants arise from work performed on a construction project. Before this adversary proceeding was filed, the trustee asserted a claim against Frontier in the amount of $301,754.97. However, the trustee settled the claim with Frontier for the amount of $260,225.37 in July 2010.

In June 2010, Johnson Landscapes filed an action against Frontier in the Circuit Court of Irwin County, Georgia seeking recovery of $396,097.51. The Georgia action has been pending for over a year. Johnson has also filed a claim against the bankruptcy estate for the same amount.

Johnson Landscapes contends that this interpleader action is not appropriate because Johnson has claims directly against Frontier that are not only independent of the trustee's claims against Frontier but exceed $260,225.37, Frontier's liability to the trustee. *See Bradley v. Kochenash*, 44 F.3d 166 (2nd Cir. 1995). Johnson requests that the court dismiss or abstain from hearing this proceeding. Frontier contends that this is a core proceeding that the court should retain because resolution of Johnson's claim against Frontier will necessarily impact Johnson's claim against the bankruptcy estate.

The fact that Johnson's claim against Frontier could have an impact on the estate would at most, make that claim "related to" a case under title 11.[1] However, a bankruptcy court may permissively abstain from hearing certain matters over which it has jurisdiction. The statute provides:

> (c)(1) Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c).

The court concludes that it should abstain from hearing this

---

[1] In *Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.)*, 910 F.2d 784 (11th Cir. 1990), the Eleventh Circuit adopted the test for "related to" jurisdiction. The court held that the "test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy." Id. at 788.

proceeding. This interpleader action seeks to determine (and limit to $260,225.37) Johnson's independent claims, if any, against Frontier. Those claims arise solely under state law and are already pending in a state court action in Georgia. The issues are those over which the state court has expertise and experience. Further, Johnson's claims against Frontier in state court have been pending for over a year. There is nothing in the record to indicate that the state court cannot timely adjudicate the matter. Both Johnson and Frontier are non-debtor parties, and Johnson's claims against Frontier are, at most, "related to" the case under chapter 7.

For these reasons, the court will abstain from hearing this adversary proceeding, and it is hereby

ORDERED that this adversary proceeding is DISMISSED.

Done this 29th day of July, 2011.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Marvin E. Franklin, Attorney for Johnson Landscapes, Inc.
Leonard N. Math, Attorney for Frontier
Charles N. Parnell, III, Attorney for Trustee